# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8394
jaweiner@jonesday.com

November 8, 2013

ELECTRONICALLY FILED VIA ECF

Chief Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Tzur v. Experian*, 1:12-cv-06371-CBA-MDG (E.D.N.Y.)

Dear Your Honor:

      The purpose of this letter is to inform the Court that Defendant Experian Information Solutions, Inc. ("Experian") intends to move to dismiss Plaintiff Ronen Tzur's ("Plaintiff") claims, with prejudice, pursuant to FRCP 16(f) and 41(b) and to move for monetary sanctions against Plaintiff's counsel, Leonard Morton. Experian hereby requests a pre-motion conference regarding these anticipated motions. As set forth below, Plaintiff's counsel has failed to attend Rule 16 conferences three different times, and has failed to comply with the Court's order to remit sanctions to Experian. Plaintiff's counsel's continual disregard of the Court's directives has wasted – and continues to waste – both the Court's and Experian's time and resources.

      On August 15, 2013, Plaintiff Ronen Tzur, through his counsel, filed an amended complaint against Experian alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, slander and defamation of credit, and negligence.[1] (D.I. 17.) The Court entered an order on September 5, 2013 setting a Rule 16 conference for October 2, 2013. (D.I. Minute Entry for September 5, 2013.)

      Plaintiff's counsel failed to appear for the October 2, 2013 Rule 16 conference. (D.I. 19.) The Court then rescheduled the Rule 16 conference for October 15, 2013, and ordered Plaintiff's counsel to appear, warning that "[c]ontinued failure to appear for scheduled court conferences could result in sanctions, including a fine, the imposition of attorneys' fees and, ultimately, dismissal of this action." (*Id.*)

---

[1] Plaintiff filed his original complaint, *pro se*, on December 12, 2012. (D.I. 1.) Experian moved to dismiss the complaint under FRCP 12(b)(6). (D.I. 10, 12.) Plaintiff later obtained counsel, and Plaintiff's counsel and Experian's counsel entered into a joint stipulation under which Experian withdrew its motion to dismiss and Plaintiff amended his complaint (D.I. 16).

NYI-4554206v1

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Chief Judge Carol Bagley Amon
November 8, 2013
Page 2

On October 15, 2013, Plaintiff's counsel again failed to attend the Rule 16 conference. (D.I. Minute Entry for October 15, 2013.) About thirty minutes after the scheduled start of the conference, the Court spoke to Plaintiff's counsel by telephone. (*See id.*) Although Plaintiff's counsel told the Court he would attend within ten minutes of the conversation, he did not arrive until more than an hour later, after Experian's counsel had been excused. (*Id.*) As a consequence of his second failure to obey the Court's orders, Plaintiff's counsel was sanctioned with a $250.00 fine, ordered payable to Experian's counsel by October 15, 2013. (*Id.*). The Court rescheduled the Rule 16 conference for October 23, 2013, and warned that "[f]urther and more drastic sanctions will be imposed if [Plaintiff's counsel] fails to appear or seek in a timely fashion a different time." (*Id.*)

On October 23, 2013, Plaintiff's counsel failed to attend the Rule 16 conference for the third time, and gave no notice of his intention not to appear to either the Court or Experian's counsel. (D.I. Minute Entry for October 15, 2013.) Plaintiff's counsel also has not, as of this date, paid Experian's counsel the Court-ordered fine that was due on October 23, 2013.

Dismissal of a case for failure to prosecute is authorized by FRCP 41(b), which provides that the Court may dismiss an action when the plaintiff fails to comply with the FRCP or with any order issued by the court. Fed. R. Civ. P. 41(b). Likewise, FRCP 16(f) authorizes the Court to impose sanctions, including dismissal, "if a party or its attorney…fails to appear at a scheduling or other pretrial conference." *See* Fed. R. Civ. P. 16(f)(1)(A).

Where – as here – a plaintiff has repeatedly failed to attend Rule 16 conferences and comply with other orders, courts have dismissed the plaintiff's claims with prejudice. *See Gustave v. City of New York*, No. 10–cv–3314-KAM-RLM, 2012 WL 1155799, at *3-*4 (E.D.N.Y. Apr. 6, 2012) (dismissing plaintiffs' claims with prejudice pursuant to FRCP 41(b) where plaintiffs failed to submit a status report, and failed to attend a Rule 16 conference and a show cause hearing); *Middleton v. U.S.*, No. CV 10–6057-JFB-ETB, 2011 WL 7164452, at *5-7* (E.D.N.Y. June 28, 2011) (dismissing plaintiff's claims with prejudice pursuant to FRCP 41(b) and FRCP 16(f) where plaintiff failed to attend three Rule 16 conferences); *Deptola v. Doe*, No. 04-CV-1379-DRH-JO, No. 2005 WL 2483341, at *1-*2 (E.D.N.Y. Oct. 7, 2005) (dismissing plaintiff's claims with prejudice pursuant to FRCP 41(b) where plaintiff failed to attend two Rule 16 conferences and failed to comply with the court's order to submit a narrative statement).

In determining whether to dismiss a case for failure to prosecute under FRCP 41(b), courts in the Second Circuit consider five factors: "(1) the duration of the plaintiff's failure to [prosecute or] comply with a court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, all five factors weigh in favor of dismissal. First, it has been well over a month since Plaintiff's counsel first failed to appear for a Rule 16 conference. Failure to comply with a court's orders for a month at the outset of a case "does not bode well for the timely and efficient resolution of [an] action" and is grounds for dismissal. See *Middleton*, 2011 WL 7164452, at *5. Second, as stated above, the Court notified Plaintiff's counsel twice – on October 3 and October 15 – that failure to appear for Rule 16 conferences could result in dismissal. Third, Experian is likely to be prejudiced by further delay; not only has Experian already wasted time and resources in preparing for and attending three Rule 16 conferences, but "prejudice resulting from unreasonable delay may be presumed as a matter of law." See *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Fourth, the Court has strived to provide Plaintiff with his day in Court, scheduling three different Rule 16 conferences, and at one point, personally calling Plaintiff's counsel from chambers and urging him to attend. Fifth, the Court has considered a sanction less drastic than dismissal – the $250.00 fine. Plaintiff's failure to pay this fine shows that dismissal is the only appropriate sanction.

In determining whether to dismiss a case under Rule 16(f), courts in the Second Circuit consider whether "(1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders." See *Middleton*, 2011 WL 7164452, at *5. Here, Plaintiff's counsel has repeatedly showed willfulness by failing to abide by the Court's orders despite his assurances to the Court that he would do so. Factors (2) and (3) are addressed above.

Experian is also entitled to monetary sanctions from Plaintiff's counsel. See Fed. R. Civ. P. 16(f)(2) ("[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule…"). Experian's counsel has spent at least five hours travelling to and from Brooklyn for Rule 16 conferences and waiting at the Court for Plaintiff's counsel to appear. Additionally, Experian and its counsel have spent time and resources conducting an internal investigation of Plaintiff's claims. Finally, Experian's counsel has spent time drafting this letter to notify the Court of its intention to seek dismissal and sanctions.

Please do not hesitate to contact me with questions or concerns.

Very truly yours,

Joshua A. Weiner

cc: Leonard Morton; Michael Dailey