UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RONEN TZUR
                         Plaintiff,

                                                Case No.:  1:12-CV-06371-(CBA) (MDG)

-against-


EXPERIAN

                         Defendant.
-----------------------------------------------------------------X

## DECLARATION IN OPPOSITION TO DEFENDANT EXPERIAN'S MOTION TO DISMISS AND IN SUPPORT OF THE MOTION BY ORDER TO SHOW CAUSE FOR AN ORDER PERMITTING PLAINTIFF'S COUNSEL TO WITHDRAW AND BE RELIEVED AS COUNSEL FOR PLAINTIFF RONEN TZUR

Leonard P. Morton, an attorney duly licensed to practice law before this Court, affirms under the penalty of perjury as follows:

1. I am the principal of the Law Offices of Leonard P. Morton, located at 225 Broadway, Suite 1200, New York, New York 10007.

2. We are the attorneys of record for the Plaintiff, Ronen Tzur, (the "Plaintiff" or "Tzur") and as such, I am fully familiar with the facts and circumstances of this case.

3. My office was retained on or about June 20, 2013, by Plaintiff, to represent him in this matter and in connection with an unrelated foreclosure matter.

4.  The undersigned wishes to advise the Court that, upon information and belief, the Plaintiff received incorrect, if not negligent, legal advice from an unknown attorney and/or a credit counselling service in connection with the filing of the complaint (the "Complaint") in this matter, which initial filing was made on a *pro se* basis prior to the retention and without the involvement of the Law Offices of Leonard P. Morton.

5.  It is the belief of the undersigned that the Plaintiff did not fully understand or fully appreciate the nature, character and seriousness of filing the within action, the possible costs associated with such filing, the amount of time and effort it could take to resolve this matter and/or the issues raised therein.

6. Notwithstanding the above, it is fundamental that dismissal is a drastic remedy and that the law embodies a strong preference for the resolution of disputes on their merits.

7. For these reasons, we respectfully urge that this matter not be dismissed and that the Plaintiff be afforded time to: 1) to obtain new counsel; and/or 2) to decide how to proceed in connection with this matter.

8. Since first being retained by Plaintiff, my office made every possible reasonable attempt to explain the nature and importance of the proceedings to the Plaintiff.

9. More specifically and in addition to the above, we expressly instructed Tzur that communication between lawyer and client is a crucial aspect of the attorney-client relationship.

10.  Tzur was also repeatedly advised of the necessity and importance of following the legal advice of my office as his attorneys.

11.  Plaintiff was, further, expressly and repeatedly informed that failures to respond to attorney communications or to communicate with my office and/or to follow our legal advice as his attorneys could serve as bases for a motion to be relieved as counsel.

12. In the instant case, the Plaintiff has not followed the legal advice and directions of my office, has ceased communications with my office and, most importantly, irreconcilable differences as to the manner in which the Plaintiff's matter can and should be handled have developed between my office and the Plaintiff.

13. In view of these irreconcilable differences and the difficulties we have had

communicating with the Plaintiff, we believe that said differences and communications difficulties serve as proper bases for the granting of our request to be relieved as counsel.

14.   No prior relief sought in this motion has been made.

15.   In addition to all of the above, the Court may recall that the undersigned inadvertently failed to appear for hearings before the Court in October of 2013 and was inadvertently late for a third hearing around that time.  At the time of the third hearing, the Court, understandably, permitted counsel for the Defendant to leave in view of my tardiness.

16.   In accordance with the Court's previous direction, my office paid a sanction of two hundred and fifty ($250.00) to the attorneys for the Plaintiff and the undersigned personally apologized, directly, to counsel for the Defendant and to Court staff.

17.   The undersigned, again, sincerely and respectfully apologizes to the Court and to opposing counsel for my/my office's inadvertent missteps.

18.   In addition to the above, the undersigned respectfully advises the Court that, these inadvertent failure(s) were caused, in significant part, by the facts that prior to any such inadvertent misstep(s): 1) a close, immediate relative of the undersigned suffered a mental breakdown; 2) the undersigned had and was experiencing severe marital problems which have resulted in the fact that the undersigned is currently in the midst of divorcing his wife, which action for divorce will be filed with the Supreme Court of the State of New York presently; and 3) the Law Offices of Leonard P. Morton, previously and at all relevant times herein, a sole practice, have been and continue to experience severe "growing pains" associated with significant growth in business for which growth the undersigned is grateful.

19.   This filing, itself, has also been inadvertently delayed due to an office computer failure that has occurred in connection with the moving and expansion of my offices.

20.  The undersigned is ready, willing and able to provide the Court with any supporting documentation, available to him, it should deem necessary or appropriate in connection with the above statements.

21.  We respectfully urge that the above-stated personal and business issues affecting the undersigned and my office serve as additional bases to warrant denying Defendant Experian's Motion to Dismiss.

WHEREFORE, it is respectfully urged that: 1) Defendant's Motion to Dismiss be denied in its entirety; 2) it is requested that this Motion by Order to Show Cause to relieve the Law Offices of Leonard P. Morton as counsel for the Plaintiff be granted; and 3) that this Court grant such other and further relief this court deems just and equitable.

Dated: January 30, 2014
       New York, New York

Respectfully submitted,

        LM/s
_____
Leonard P. Morton (LM 2757)
225 Broadway, Suite 1200
New York, New York 10007
(516) 298-8009
Lenmorton21@gmail.com


Counsel for Defendant for Experian via ECF and regular mail

Ronen Tzur via regular mail
1433 East 63rd Street Apt. #2
Brooklyn, New York 11234