UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RONEN TZUR
                      Plaintiff,

                                              Case No.:  1:12CV06371-CBA-MDG (E.D.N.Y.)

-against-


EXPERIAN

                       Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDNAT EXPERIAN'S MOTION TO DISMISS AND IN SUPPORT OF LEONARD P. MORTON'S MOTION FOR AN ORDER PERMITTING HIM TO WITHDRAW AND <u>BE RELIEVED AS COUNSEL FOR PLAINTIFF RONEN TZUR</u>**

<u>**MOTION TO DISMISS**</u>

It is fundamental that the granting of a motion to dismiss is a drastic remedy which is not to be lightly granted.  <u>See, e.g.</u>, <u>W. v Goodyear Tire & Rubber Co.</u>, 167 F.3d 776, 779 (2d Cir. 1999); <u>Colon v. Mack</u>, 56 F.3d 5, 7 (2d Cir. 1995); <u>Merker v. Rice</u>, 649 F.2d 171, 173-74 (2d Cir. 1981).  Additionally, there is an equally fundamental preference for the litigation of matters on their merits.  <u>See, e.g.</u>, <u>Powerserve Int'l, Inc. v. Lavi</u>, 239 F.3d 508, 514 (2d Cir. 2001); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); <u>Skinscience Labs, Inc. v. McNulty</u>, 11-CV-5361 (SJF) (ARL), 2013 WL 310399 (E.D.N.Y. Jan. 24, 2013).

In view of these well-founded and applicable, basic legal principles and all of the facts stated in the accompanying declaration of Leonard Morton, Esq., dated January 30, 2014, it is respectfully urged that Defendant Experian's Motion to Dismiss be denied in its entirety.

1

## MOTION TO BE RELIEVED AS COUNSEL

Rule 1.4 of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Rule 1.4 mandates Courts to analyze two factors when determining an attorney's motion for withdrawal: 1) the reason for the withdrawal; and 2) the impact the withdrawal on the proceeding. Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). Moreover, District Courts have considerable discretion when deciding whether to grant a motion for an attorney's withdrawal. See, e.g., Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir.1999).

### TZUR'S UNWILLINGNESS TO FOLLOW COUNSEL'S LEGAL ADVICE AND LACK OF COMMUNICATION IS SUFFICIENT CAUSE TO GRANT COUNSEL'S MOTION TO WITHDRAW

It is well-established that a client's lack of cooperation with his/her attorney is good cause for counsel seeking to terminate the relationship. Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991). Here, Tzur has indicated an unwillingness to follow our legal advice and has, for all intents and purposes, ceased communicating with me and my offices (Morton Declaration para. 8-13). As a result, we are compelled to file the within application to be relieved as counsel.

In addition to the above, it is clear that "a client's lack of cooperation—including lack of communication with counsel" constitutes a satisfactory reason to grant a motion to withdraw. Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950 (DAB) (DCF),

2

2005 WL 1963945, at #1 (S.D.N.Y. Aug. 15, 2005). Put another way, a client's unwillingness to communicate with his/her counsel and/or to follow their legal advice and directions makes it unreasonably difficult, if not impossible, for counsel to carry out his/her duties and employment effectively and serves as good cause for said attorney to be relieved from her duties. <u>Valente v. Seiden</u>, 666 N.Y.S.2d 517 (3d Dep't 1997).

Moreover, where, as here, there are irreconcilable differences between an attorney and a client, with respect to the proper course to be pursued in the litigation, then good and sufficient cause for counsel to be relieved exists. <u>Kraus v. Botti,</u> 267 N.Y.S.2d 189, 190 (3d Dep't 1999); <u>U.S.A Lawrence Aviation Industries, et al.</u>, No. CV 06–4818 (JFB)(ARL), 1994 WL 660533, at *3 (E.D.N.Y Feb. 11, 1994).

In short, Plaintiff's unwillingness to follow our legal advice, and his continuing failure to communicate with the Law Offices of Leonard P. Morton and its staff, renders it unreasonably difficult for counsel to carry out its duties and this employment effectively and establishes sufficiently good cause for the Law Offices of Leonard P. Morton to be relieved as counsel for the Plaintiff.

In addition to all of the above, Plaintiff's disagreements and refusal to follow Counsel's recommendations and advice regarding the handing of this matter and the proper course to be pursued in the litigation constitutes additional, sufficient, good cause for Counsel to be relieved from this matter. (<u>Id</u>.)

**<u>COUNSEL'S WITHDRAWAL AT THIS EARLY STAGE OF THE CASE WILL NOT SUBSTANTIALLY DISRUPT THE PROCEEDINGS</u>**

As stated above, under local Rule 1.4, upon an attorney's motion to be relieved of counsel, the court looks to the posture of the case and to whether it will be unduly disruptive to the proceedings if the attorney withdraws. <u>Blue Angel Films, Ltd.</u>, 672245 WL at *2.

3

In determining the point in a case at which withdrawal will not substantially disrupt the proceedings, courts have held that when discovery is not complete or the action is not scheduled for trial, withdrawal will not be unduly disruptive and is thus permissible. Brown v National Survival Games, Inc., No. 91-CV-221, 1994 WL 660533 at *3 (N.D.N.Y. Nov.18, 1994).

In Brown, for example, the Court granted counsel's request to withdraw, prior to completion of discovery, holding that because discovery was not completed and the case was not scheduled for trial, counsel's withdrawal would not cause undue delay. Id. Likewise, in Freund v. Weinstein, No. 08 CV 1469, 2009, (FB) (MDG), 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009), the court held that although discovery had commenced, because it was in its early stages, withdrawal would not substantially disrupt the litigation.

Moreover, in Furlow v. City of New York, No. 90 Civ. 3956, (PKL), 1993 WL 88260 at *1 (S.D.N.Y. March 22, 1993) the Court granted counsel's motion to be relieved although discovery was complete, because depositions had not yet been taken. The Court held that counsel's withdrawal would not substantially delay the proceedings, as the action was not trial-ready.

In the instant case, discovery has not even begun, no depositions have been scheduled or taken and the case is not scheduled for trial. Because the instant action is in the early stages of litigation and not trial-ready, counsel's withdrawal would not substantially disrupt the proceedings and counsel's motion to be relieved as counsel should, it is respectfully but strongly averred, be granted.

## **CONCLUSION**

For all the foregoing reasons stated herein as well as those stated in the accompanying Morton Declaration, dated January 30, 2014, we respectfully request that the Defendant

4

Experian's motion to dismiss be denied in its entirety and that the Court enter an order permitting The Law Offices of Leonard P. Morton to withdraw from its representation of Plaintiff Ronen Tzur in this action.

Dated: January 30, 2014
      New York, New York

                                      Respectfully submitted,

                                      _____LM/s_____
                                      Leonard P. Morton (LM 2757)
                                      Law Offices of Leonard P. Morton
                                      225 Broadway, Suite 1200
                                      New York, New York 10007
                                      (516) 298-8009
                                      Lenmorton21@gmail.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 5, 2014, a copy of the foregoing brief in opposition to defendant Experian's Motion to Dismiss and in support of Leonard Morton's Motion to be Relived as Counsel for the Plaintiff was served upon the following parties via first class U.S. Mail, postage prepaid.

  Joshua Weiner
  Jones Day
  222 East 41st Street
  New York, New York 10017

  Ronen Tzur
  1433 East 63rd Street Apt. #2
  Brooklyn, New York 11234